IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLIE BELL SNOWDEN,               ) | |
| )                                 | |
| Plaintiff,                     )  | |
| )                                 | |
| vs.                               ) | CASE NUMBER |
| )                                 | |
| AMERIQUEST MORTGAGE               ) | 1:07-cv-00709-KD-M |
| COMPANY,                          ) | |
| )                                 | |
| Defendant.                     ) | |
| )                                 | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff in this case brings claims to rescind a "residential real estate mortgage loan." Her Complaint does not specify when she obtained this loan, but she alleges that she enjoyed a right to rescind beyond the statute's three-business-day rescission period because the "form notices . . . supplied to plaintiff were blank, unsigned and not dated." However, contrary to the allegation in the Complaint, plaintiff acknowledged receipt on October 12, 2005 of dated notices of her right to cancel, notices which she herself signed. Moreover, as of May 16, 2007, plaintiff had paid off her loan in full. Thus, at the time she allegedly attempted rescission on September 24, 2007, there was nothing to rescind. Any other claims plaintiff may bring are barred by the relevant statute of limitations.

1616482 v1

As set forth in more detail below, all of plaintiff's claims are due to be dismissed under Rule 12(b)(6):

## I. FACTS

The following facts are alleged in plaintiff's Complaint or are otherwise likely to be undisputed by the parties:

1. Plaintiff apparently believes that she obtained a "residential real estate mortgage loan" from defendant, although her Complaint does not specify when she obtained this loan.

2. She alleges that, at the time she completed this transaction defendant "failed to provide the required notices of Plaintiff's right to cancel the loan."[1] She also alleges that was provided a notice of Ameriquest's contractual "ONE WEEK CANCELLATION PERIOD,"[2] but she alleges that this notice was "confusing" and was "also delivered unsigned and undated."[3]

3. However, notwithstanding the allegation in her Complaint that the form "supplied to plaintiff was blank, unsigned and not dated,"[4] plaintiff signed the "NOTICE OF RIGHT TO CANCEL" form on October 12, 2005 and specifically

---

[1] Doc. 1, Compl., ¶ 8

[2] *Id.* at ¶ 9.

[3] *Id.*

[4] *Id.* at ¶ 8.

acknowledged: "The undersigned each acknowledge receipt of receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[5] The lender's copy of this form specifically informed plaintiff that, under federal law, she had until "10-15-05" to provide notice to defendant of her desire to cancel the transaction.[6] Plaintiff also specifically acknowledged, on October 12, 2005, receipt of defendant's "ONE WEEK CANCELLATION PERIOD" form,[7] which contractually provided plaintiff a longer cancellation period than was required by the federal statute.

---

[5] *See* Ex. A ("Notice of Right to Cancel"), attached hereto (with loan numbers redacted). If the Court determines that it needs to evaluate the "NOTICE OF RIGHT TO CANCEL" form in order to dismiss plaintiff's claims and finds that the "NOTICE OF RIGHT TO CANCEL" form was not incorporated into plaintiff's Complaint, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this case, the contents of the loan documents signed by the plaintiff do not appear to be in dispute: "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[6] *See* Ex A, attached.

[7] *See* Ex. B ("One Week Cancellation Period"), attached hereto (with loan numbers redacted). Per footnote 5, *supra*, the Court may consider this "ONE WEEK CANCELLATION PERIOD" form on a Rule 12(b)(6) motion.

4.      As of May 16, 2007, plaintiff had paid off her loan in full, and defendant released its security interest in plaintiff's property.[8]

5.      Plaintiff alleges that she attempted to rescind her loan on September 24, 2007 via a letter from her attorney,[9] but that defendant "failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan."[10]

6.      On October 5, 2007, plaintiff filed the present action against the defendant, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaratory relief, return of any moneys, statutory damages, actual damages, costs, and attorney fees.[11]

## II. ARGUMENT

### A.     Any Claims Plaintiff May Attempt To Bring Unrelated To Her Attempted Rescission Are Barred By The Statute Of Limitations.

Any claims regarding defendant's alleged "fail[ure] to give proper notice of plaintiff's right to rescind" or alleged "fail[ure] to accurately name all 'material

---

[8] *See* Ex. C ("Release of Mortgage"), attached hereto (with loan numbers redacted). If the Court determines that it needs to evaluate this "RELEASE OF MORTGAGE" in order to dismiss plaintiff's claims, per footnote 5, *supra*, the Court may still dispose of the matter under Rule 12(b)(6).

[9] Doc. 1, Compl., ¶ 13.

[10] *Id.* at ¶¶ 14 & 18.

[11] *Id.* at the unnumbered "WHEREFORE" paragraph following ¶ 18.

disclosures'"[12] are barred by the relevant statute of limitations.  A Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[13]  In this case, the statute under which plaintiff seeks relief provides, in relevant part:  "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence*** of the violation."[14]  Plaintiff does not dispute that she obtained her loan on October 12, 2005.[15]  As such, plaintiff's Complaint, filed ***almost two years later*** on October 5, 2007, was clearly filed outside of the statute's one-year limitations period.

    **B.**    **Plaintiff Cannot Bring Claims Based On Defendant's Alleged Failure To Rescind Because Plaintiff Had Already Paid Off Her Loan Before She Attempted To Rescind.**

Plaintiffs alleges that defendant violated TILA by "failing to take . . . the steps necessary or appropriate to reflect the termination of the security interest . . ."[16] after plaintiff allegedly attempted to rescind this loan on September 24, 2007.[17]

---

[12] *See id.* at ¶ 18.

[13] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[14] 15 U.S.C. § 1640(e) (emphasis added).

[15] *See* Ex A, attached.

[16] Doc. 1, Compl., ¶¶ 14 & 18.

However, well before plaintiffs' alleged September 24, 2007 attempt at rescission, defendant had already terminated the security interest created by the loan.[18] In other words, there was nothing to rescind,[19] and her claim that defendant failed to terminate the security interest is frivolous.

Moreover, it appears that plaintiff's basic allegation -- that defendant failed to effect the rescission -- lacks foundation. Plaintiff alleges that, under TILA, defendant was required to take action "[w]ithin twenty (20) days after receipt of a consumer's election to cancel the transaction"[20] and specifically alleges that defendant violated TILA by failing to do so.[21] However, plaintiff filed this action on October 5, 2007, which was less than twenty days after she allegedly attempted to rescind on September 24, 2007.[22] In other words, the allegation that defendant did not take requisite actions within twenty days lacks foundation. This said, the twenty-day period discussed in paragraph 7 of the Complaint is not as much of an obstacle to plaintiff's claims as the facts (i) that plaintiff's loan had been paid off as

---

[17] *Id.* at ¶ 13.

[18] *See* Ex. C, attached.

[19] *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986); *accord Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp.2d 737, 746 (N.D. Ill. 2002).

[20] Doc. 1, Compl., ¶ 7.

[21] *See id.* at ¶¶ 14 & 18.

[22] *See id.* at ¶ 13.

of May 16, 2007, (ii) that plaintiff had no right to rescind her 2005 loan in 2007, and (iii) that her claims are otherwise barred by the statute of limitations.

> C. **Even Assuming That Plaintiff Could Choose To Exercise Her Rescission Rights Almost Two Years After The Transaction, Plaintiff's Allegation That She Was Not Provided Notice Of Her Rescission Rights Is Contradicted By Her Own Complaint.**

Although courts, in considering Rule 12(b)(6) motions, should assume that allegations in a complaint are true, courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting … bald assertions, unsupportable conclusions and 'opprobrius epithets.'"[23] In this case, Plaintiff admits that she was provided "form notices" of her right to cancel her loan[24]; the remaining allegations in her Complaint are not to be credited.

The Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the ***third business day*** following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[25] In this case, plaintiff was provided and signed a "NOTICE OF RIGHT TO CANCEL" form on October 12, 2005.[26] Under

---

[23] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[24] Doc. 1, Compl., ¶ 8.

[25] 15 U.S.C. § 1635(a) (emphasis added).

[26] *See* Ex. A, attached.

the statute, plaintiff's acknowledgement on this form creates a "rebuttable presumption" that she received the form.[27] Plaintiff in this case apparently ***does not dispute the authenticity*** of her acknowledgment. Instead, plaintiff's Complaint raises two unrelated challenges to the presumption that she was informed of her rescission rights at the time of closing.

**First**, plaintiff alleges that her copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on the lender's copy.[28] This allegation is intended to bring plaintiff's claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[29] and the Ninth Circuit's *Semar* holding.[30] The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* -- opinions which have never been followed by the Eleventh Circuit[31] -- held that a lender's failure to fill in the expiration date on the notice form renders the notice ineffective and, thus, extends the rescission period for the full three-year period set forth in 15 U.S.C. § 1635(f). However, the First Circuit's recent decision in

---

[27] 15 U.S.C. § 1635(c).

[28] Doc. 1, Compl., ¶ 8.

[29] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[30] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[31] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

*Palmer v. Champion Mortgage*[32] is more instructive as to the facts alleged at bar. In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed she had not received her copies of this form until sometime after April 1. The *Palmer* court noted that the Notice also "twice indicated in plain language that, in the alternative, the debtor had three business days after *receipt* of the Notice in which rescind."[33] The First Circuit thus held this Notice sufficient to apprise plaintiff of her rights and specifically distinguished the case at bar from the Ninth Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only those cases where the lender's notice provides "no rescission deadline whatsoever."[34]

In the present case, as in *Palmer*, the "NOTICE OF RIGHT TO CANCEL" form that plaintiff admittedly took home at closing[35] twice indicated to her that she had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction. Moreover, plaintiff apparently does not dispute that the "Document Signing Date" and the "Final Date to Cancel"

---

[32] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[33] *Id.* at 27-28.

[34] *Id.*

[35] Doc. 1, Compl., ¶ 8.

lines were, in fact, filled in on the lender's copy which the plaintiff signed on October 12, 2005.[36] It is well-settled in the Eleventh Circuit that "**_TILA does not require perfect notice_**; rather it requires a clear and conspicuous notice of rescission rights."[37] In this case, **_plaintiff admits that she was informed of her right to rescind at the time of closing_**.[38] As such, plaintiff's claims are due to be dismissed under Rule 12(b)(6).

**Second**, plaintiff seeks to circumvent the statutory proviso giving her until "midnight of the third business day following the consummation of the transaction"[39] to rescind, by alleging that the a "ONE WEEK CANCELLATION PERIOD" form she allegedly also received was "confusing" and "obscur[ed]" her "actual statutory rights."[40] Plaintiff is apparently seeking to rely on case law from other circuits analyzing what happens when a lender provides the wrong or conflicting forms, depending on whether or not the transaction in question is a

---

[36] *See* Ex. A, attached.

[37] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

[38] *See* Ex. A, attached; Doc. 1, Compl., ¶ 8.

[39] 15 U.S.C. § 1635(a).

[40] *See* Doc. 1, Compl., ¶ 9; *see also* Ex. B, attached.

"refinancing" transaction.[41]  Although these decisions from other circuits are not directly on point, plaintiff presumably will rely on these authorities to support her claim that defendant in this case somehow "obscur[ed]" her statutory right to rescind by contractually providing plaintiff a period of time longer than the three business days set forth in the statute.  In *Veale,* however, the Eleventh Circuit ***specifically disagreed with and declined to follow*** the Third Circuit's *Porter* holding.[42]  Moreover, the First Circuit just recently declined to follow the Seventh Circuit's *Handy* holding, noting that *Handy* appeared inconsistent with the Eleventh Circuit's *Highland Bank* and *Veale* decisions.[43]

Plaintiff does not dispute that she did not attempt to rescind the transaction either within the three business days set out in the "NOTICE OF RIGHT TO CANCEL" form or within the week set out in the "ONE WEEK

---

[41] *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (lender did not provide proper notice of right to rescind where lender provided two separate notices of rescission rights, one for "refinancing" transactions and the other more general form for other transactions); *In re Porter*, 961 F.2d 1066 (3d Cir. 1996) (lender did not provide proper notice of right to rescind where lender failed to provide the specific form explaining the exception for "refinancing" transactions).

[42] *Veale*, 85 F.3d at 581.

[43] *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. Apr. 19, 2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive 'technical' errors.'  As the Eleventh Circuit has explained [in *Highland Bank*], Congress in 1995 rejected this hyper-technical view of TILA….") (citations omitted).  The *Santos-Rodriguez* court further explained that that *Veale* was still good law.  *Id.* at 18 n.10.

CANCELLATION PERIOD" form. Instead, she waited ***almost two years*** after obtaining her October 12, 2005 loan before she allegedly attempted to rescind on September 24, 2007.[44] As such, plaintiff's right to rescind expired long before she allegedly sent her rescission letter, and her present claims are due to be dismissed.

### III. CONCLUSION

**WHEREFORE**, defendant respectfully requests that the Court enter an Order dismissing the plaintiff's Complaint.

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
sbumgarn@burr.com

---

[44] Doc. 1, Compl., ¶ 13.

## CERTIFICATE OF SERVICE

    I hereby certify that on November 1, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

>Earl P. Underwood, Jr., Esq.
>James D. Patterson, Esq.
>Law Offices of Earl P. Underwood, Jr.
>21 South Section Street
>P.O. Box 969
>Fairhope, Alabama 36533-0969

>>s/ Stephen J. Bumgarner
>>OF COUNSEL