# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLIE BELL SNOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | 1:07-cv-00709-KD-M |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY

The Court in its November 7, 2007 Order (Doc. 10) observed that defendant's pending Motion to Dismiss "appears to be best handled by the multidistrict litigation." However, the Court in this case need not stay ruling on allegations in the Complaint which are due to be dismissed as a matter of law. Notably, plaintiff in this case alleges that defendant violated TILA by "failing to take . . . the steps necessary or appropriate to reflect the termination of the security interest . . ."[1] after plaintiff allegedly sent a letter on September 24, 2007.[2]

---

[1] Doc. 1, Compl., ¶¶ 14 & 18.

However, well before plaintiff's alleged September 24, 2007 attempt at rescission, ***defendant had already terminated the security interest created by the loan.*** [3]

There is no reason to stay ruling on an action premised on such a baseless allegation pending transfer of the action to another forum.

Plaintiff's remaining allegations are a little more complicated, insofar as this Court will need to determine, based on the face of the Complaint, whether plaintiff has sufficiently alleged that she did ***not*** receive "clear and conspicuous" notice[4] of her rescission rights at the time she obtained her loan. Defendant believes that plaintiff's Complaint[5] (especially when considered in light of the undisputed documents plaintiff signed[6]) establishes that plaintiff did receive such "clear and conspicuous" notice, and for this reason, plaintiff's Complaint ought to be dismissed.

On the other hand, given the volume of other actions against defendant which plaintiff's counsel has now gotten transferred from this Court to the United

---

[2] *Id.* at ¶ 13.

[3] *See* Ex. C attached to Doc. 6, Defendant's Brief.

[4] *See Smith v. Highland Bank,* 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.,* 85 F.3d 577, 580 (11th Cir. 1996).

[5] Doc. 1, Compl., ¶¶ 8 & 9.

[6] *See* Ex. A & B, attached to Doc. 6, Defendant's Brief.

States District Court for the Northern District of Illinois, one could argue that the Illinois court has "experience with similar issues" and "has addressed, or will address, them so often that its facility with them makes it more economical for it to address it than for this Court to do so."[7]  However, as the Illinois court presumably has little experience applying the Eleventh Circuit's *Smith* and *Veale* standards, it is by no means certain that the Illinois court is better equipped to address the issues posed by defendant's Motion to Dismiss (Doc. 5) than this Court.

Further, in light of the false allegation in plaintiff's Complaint that defendant violated TILA by "failing to take . . . the steps necessary or appropriate to reflect the termination of the security interest . . .,"[8] the admonition of this Court's recent *Boudin* order are particularly appropriate:  "[N]o plaintiff has a right to delay ruling on a ripe motion to dismiss simply so that case can be transferred to another forum where he believes he might stand a better chance of defeating the motion."[9]

For reasons above, defendant respectfully opposes plaintiff's Motion to Stay (Doc. 9).

---

[7] *See Boudin v. ATM Holdings, Inc.*, Civil Action No. 07-0018-WS-C, 2007 WL 1841066, at * 1 (S.D. Ala. June 27, 2007); *see also Betts v. Eli Lilly & Co.*, 435 F. Supp.2d 1180, 1182 (S.D. Ala. 2006).

[8] Doc. 1, Compl., ¶¶ 14 & 18.

[9] *Boudin*, 2007 WL 1841066, at * 1.

Respectfully submitted,


s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Earl P. Underwood, Jr., Esq.
James D. Patterson, Esq.
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, Alabama 36533-0969

s/ Stephen J. Bumgarner
OF COUNSEL